Reversed and Remanded and Majority and Concurring Opinions filed October
31, 2006








 

Reversed
and Remanded and Majority and Concurring Opinions filed October 31, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00508-CR

____________

 

JOHN ROBERT FISCHER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 12

Harris County, Texas

Trial Court Cause No. 1239283

 



 

C O N C U R R I N G   O P I N I O N

I agree with the majority=s conclusion that
Martinez=s narrative
statements on the DWI videotape do not constitute a present sense impression. 
I disagree, however, with the majority=s additional
analysis that Rule 803(8)(B) makes his statements inadmissible irrespective of
the present sense impression analysis.








Generally, each hearsay exception should be analyzed
independently because Aevidence which is inadmissible under one
hearsay exception may often be admissible under another exception.@  Cole v. State,
839 S.W.2d 798, 811 (Tex. Crim. App. 1992) (op. on reh=g).  The Court of
Criminal Appeals in Cole departed from this general rule in holding that
hearsay inadmissible under Rule 803(8)(B) could not be admitted as a business
record under Rule 803(6), relying on United States v. Oates, 560 F.2d
45, 77 (2d Cir. 1977).  See Cole, 839 S.W.2d at 810B11.  The Second
Circuit in Oates held that Apolice and
evaluative reports not satisfying [Federal Rule of Evidence] 803(8)(B) and (C)
may not qualify for admission under [Federal Rule of Evidence] 803(6) or any
of the other exceptions to the hearsay rule,@ 560 F.2d at 77
(emphasis added), thereby effectively elevating Rule 803(8)(B) above the other
hearsay exceptions.  The Cole court carefully limited its holding to
Rule 803(6), noting that other courts had criticized Oates as being too
broad and that the Second Circuit itself had characterized the portion of Oates
regarding other hearsay exceptions as dictum.  See Cole, 839 S.W.2d at
810; see also United States v. Yakobov, 712 F.2d 20, 26 & n.6
(2d Cir. 1983) (noting that Oates has been Astrongly
criticized@ and concluding that language referring to hearsay
exceptions other than Rule 803(8)(B) was dictum); United States v. Sokolow,
91 F.3d 396, 404 (3d Cir. 1996) (ACriticizing Oates
as an unduly broad interpretation of Rule 803(8), many courts have declined to
import the limitations of Rule 803(8)(B) and (C) into other hearsay exceptions.@ (footnote
omitted)); United States v. Picciandra, 788 F.2d 39, 44 (1st Cir. 1986)
(declining to apply Oates to other hearsay exceptions); United States
v. Sawyer, 607 F.2d 1190, 1193 (7th Cir. 1979) (studying congressional
intent in concluding that the Oates rationale is too broad and should
not apply to all hearsay exceptions).  I agree that the factors rendering
hearsay unreliable under Rule 803(8)(B) are relevant in assessing whether
Martinez=s statements
constitute a present sense impression.  However, the majority implies that Rule
803(8)(B) excludes the admission of all law enforcement reports,
regardless of whether they fall within some other recognized hearsay
exception.  It is with this conclusion that I disagree.

 

 

 

/s/      Leslie Brock Yates

Justice

 








Judgment rendered
and Majority and Concurring Opinions filed October 31, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Guzman (Guzman, J., majority).

Publish C Tex. R. App. P. 47.2(b).